UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David R. Groves,

Plaintiff,

Civil File No. 01-2283 (PAM/JGL)

v.

**ORDER**

James L. Ornberg, Joseph Korzilius, Terrance Zoller, Jodi Lein, and Richard A. Stehr,

Defendants.

---

This action arises from Plaintiff's pro se claim of age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Court denies the Motion.

**BACKGROUND**

Plaintiff David Groves is 57 years old and is employed by the Minnesota Department of Transportation as a highway technician. In June 2000, Plaintiff requested an unpaid educational leave of absence for schooling in electrical maintenance and construction. This education would qualify Plaintiff as a Journeyman and Master electrician, making him eligible for increased pay. Plaintiff's request was denied in September 2000. In January 2001, Plaintiff requested a paid educational leave of absence for the same purpose, which

MAR 28 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

was denied in February 2001. Plaintiff later received information that since 1996, 173 union employees, with an average age of 32, were granted unpaid educational leave. Following this February 2001 denial, Plaintiff filed an informal grievance with the Minnesota Department of Transportation (as required by the union labor agreement) alleging age discrimination.

In accordance with Title VII employment discrimination prerequisites, Plaintiff filed a charge alleging age discrimination with the EEOC and Minnesota Department of Human Rights. On September 18, 2001, the EEOC charge was dismissed and Plaintiff received a right-to-sue letter. Plaintiff subsequently filed suit in this Court on December 11, 2001, for Title VII employment discrimination. Plaintiff requests that the Court grant relief that it deems appropriate, including injunctive relief, damages and costs.

Plaintiff completed a form complaint for a Title VII claim. The form complaint requires the pro se plaintiff to allege an adverse affect of the discrimination, the type of discrimination, who is responsible for the discrimination, and the relief sought. Plaintiff alleged age discrimination, listed the Defendants as responsible parties, and requested costs and injunctive relief. As Defendants point out, however, Plaintiff failed to allege an adverse effect of the discrimination in ¶ 9 of the form complaint. Instead, he merely catalogued conclusory allegations of generalized discrimination against him and three of his co-workers. Specifically, he claimed that he is "suffering from age discrimination" and that his co-workers suffered adverse employment actions due to their national origin, age, and sexual

orientation. Nevertheless, Plaintiff attached additional documents, including the EEOC charge filed by Plaintiff and the right-to-sue letter, which specified the adverse effect of the age discrimination.

Defendants contend that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2) for failure to state a claim upon which relief can be granted. The core of their argument centers around Plaintiff's failure to specifically allege an adverse effect of the age discrimination in the form pleading. Defendants further argue the Complaint should be dismissed because Plaintiff lacks standing to bring a claim on behalf of his co-employees and the injunctive relief sought is not warranted.

**DISCUSSION**

In order to sustain an age discrimination action, a plaintiff must allege: (1) membership in a protected class; (2) qualification for and pursuance of opportunities available to others; (3) denial of these opportunities despite qualifications; and (4) availability of these opportunities to non-protected class members. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Specifically, the plaintiff must allege an adverse employment consequence. Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997). In this case, Defendants assert that Plaintiff's age discrimination claim fails because it is conclusory and does not provide a sufficient factual basis for the claimed adverse effect of the discrimination.

Plaintiff is pro se and a more liberal construction of the pleadings is therefore

required. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se complaints are held to less "stringent standards" than pleadings drafted by attorneys). This liberal standard also applies to Title VII employment discrimination claims. Equal Employment Opportunity Comm'n v. Western Pub. Co., 502 F.2d 599, 602-03 (8th Cir. 1974) (holding that "remedial and humanitarian underpinnings of Title VII" require liberal construction of a pro se complaint); Everett v. Trans-World Airlines, 298 F. Supp. 1099, 1101 (W.D. Mo. 1969) (holding that in a Title VII action filed by pro se plaintiffs, the complaint should be construed liberally). Thus, Plaintiff's Complaint is entitled to a liberal construction.

The purpose of the complaint is to put the defendant on notice of the claim being asserted so that a defense may be prepared. Proceeding pro se, Plaintiff completed a form complaint and attached additional documentation in support of the complaint. This documentation included the EEOC right-to-sue letter and the EEOC charge filed by the Plaintiff, which contained specifics of the discrimination in correspondence between the Plaintiff and Defendant Ornberg. Within these documents, Plaintiff alleges that denial of his request for paid and unpaid education leave is the result of age discrimination. This constitutes an adverse effect of the alleged age discrimination, clearly putting Defendants on notice of the claim being asserted.

The Eighth Circuit has held that submission to the court of the EEOC charge and right-to-sue letter alone were sufficient to satisfy Fed. R. Civ. P. 8(a)(2). Page v. Arkansas

Dep't of Correction, 222 F.3d 453, 454-55 (8th Cir. 2000) (holding that the EEOC charge and the right-to-sue letter filed with the District Court described the alleged discriminatory conduct, invoking Title VII protection). Additionally, Rule 10(c) provides that the pleadings include the complaint, answer, and any attached exhibits. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part [of the pleading] for all purposes."). Plaintiff's inclusion of these documents supports the sufficiency of his Title VII claim. Accordingly, the Court finds that Plaintiff has complied with the Federal Rules of Civil Procedure.

Defendants further assert that Plaintiff lacks standing to assert the discriminatory employment claims of other employees. Although Defendants are correct, their argument is misplaced. Plaintiff is not pursuing a claim on behalf of his co-employees. Rather, Plaintiff has included incidents of alleged discrimination against his co-employees in the Complaint as factual support for Defendants' alleged discriminatory animus.

Finally, Defendants contend Plaintiff is not entitled to injunctive relief. However, Defendants concede that in Title VII age discrimination claims, the Court may exercise broad discretion to determine if injunctive relief is warranted. Defendants further agree that injunctive relief may be considered after a finding of discrimination, to prevent future discrimination. Therefore, if Defendants have violated Plaintiff's Title VII rights, injunctive relief may be an appropriate remedy.

The form complaint and attached documentation provide Defendants with meaningful notice of Plaintiff's Title VII age discrimination claim. Upon a showing of Title VII discrimination, the Court may grant injunctive relief to prevent future discrimination. Accordingly, the Court denies Defendants' Motion to Dismiss.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Clerk Doc. No. 8) is **DENIED**.

Dated: March 28, 2002

Paul A. Magnuson
United States District Court Judge